They should have had you in that earlier case, because you got all the stuff. All right. Go ahead. May it please the Court, I'm Jeremy Keeney with Perkins Coie. On behalf of Plaintiff Appellant Mr. Louis Branch, I'd like to reserve two minutes for rebuttal. Are you appearing pursuant to our pro bono program? Yes, I am, Your Honor. Thank you. Thanks very much. Now, in 2004, while in prison, Mr. Branch witnessed an officer threaten and assault a fellow inmate. While a relatively rare occurrence for a Level II inmate, Mr. Branch submitted an eyewitness declaration addressed to the warden. In retaliation, officers threatened him, frequently transferred him between facilities, failed to intervene when he was brutally assaulted by fellow inmates, and sabotaged his possessions. Fifteen years later, Mr. Branch is still seeking relief. Now, Mr. Branch's case illustrates two types of challenges that pro se litigants face, even in the most egregious prisoner civil rights cases, like the two the panel will hear today, where prisoners are brutally beaten while prison guards either watched or participated. Counsel, before we get into those specifics, which I admit are the gravamen of the case, I'm troubled by the magistrate's jurisdiction here. I am, too, Your Honor. As you well know, you look at 636C, and in this kind of a case where you're not dealing with misdemeanors and stuff like that, you're dealing with a civil case, the statute allows a magistrate judge to handle the entire trial, but it's expressly conditioned on the consent of the parties. If I understand the record correctly, your client consented in, I think it was 2007, nothing from the other party at all in terms of consent until 2015. I don't know how the magistrate judge had any jurisdiction to do anything in the interim other than minor motions that the statute expressly covers. What am I missing? Yes, Your Honor. In the interim, the magistrate judge handled standard pretrial matters and submitted findings and recommendations to the district judge during that time. So they didn't decide anything on the merits. Correct. Okay. So that's the answer, is that it just hadn't gotten far enough to require the consent. Is that correct? Correct. It was a very long case, Your Honor. Okay. All right. But a related question, so if you're right that the magistrate judge did not have jurisdiction to decide your client's motion to withdraw consent to the magistrate judge's jurisdiction, that only the district judge could have decided that, isn't the remedy, however, to remand to the district judge to see what he would have decided? Your Honor, that's what the Fourth Circuit did in Dowell. But we're arguing that would be insufficient for two reasons. First, these motions are very rarely granted. And if you combine that with either the status quo bias or an appearance of status quo bias on the part of the district judge, it's unclear that a simple remand would ever be meaningful relief for a litigant. Appearance of status quo bias? We've spent years going through a trial, and you can grant the motion and then have to go through the trial again, or you can simply deny the motion and then the ---- You don't think district judges follow the law? No, no. I think they do all the time. But there is the appearance of potential status quo bias. That's good. That's helpful. Well, when was the motion to withdraw made, and who made it, withdraw the consent? Mr. Branch made it, and it would have been about three and a half months after he received notification the case had been assigned to the magistrate judge. And was he pro se? He was pro se the whole time. Right. And what had happened that precipitated the motion, so far as we can tell from the record, to withdraw the consent? Yes, Your Honor. It appears the primary event was the fact that the magistrate judge adjudicated his motion for reconsideration by the district judge. And as Mr. Branch argued, that motion should have been adjudicated by the district judge, and the magistrate judge lacked jurisdiction to decide it, which would be an issue ---- What is the motion again? I was a little confused about that. So it's called a motion for reconsideration by the district judge. And what it is is essentially an appeal of a pretrial decision. Right. Yeah. What was the underlying decision that he wanted to take to the district judge? It was about the motion to compel. He sought to compel testimony about when Officers Soleil and Alvarez remembered that they had submitted suspect officer chronology reports back right after the incident in 2004, because they were untimely produced in this case. They were produced, I believe, attached to a summary judgment motion. And so Mr. Branch wanted additional testimony on why it took them so long to produce those particular documents. And the magistrate judge denied that? Yes. The magistrate judge found that because neither party had submitted the discovery requests or responses, he was unable to reach the merits of the motion. But even defendants, you know, concede that that finding was erroneous, because defendants had actually, in fact, submitted both the requests and the responses in their opposition. So Mr. Branch wanted a finding on the merits for his motion to compel. So further to my colleague Judge Rakoff's question, let's assume for a moment that we agree that the statute requires that the district judge make this determination and say the district judge sends it right back to the same magistrate judge. You're out of luck then, basically? Apologies. Can you repeat the question? If I understand it, you're saying the magistrate judge decided the recusal motion that involved him, and you're saying that the district judge had the sole jurisdiction to decide that. Is that correct? Yes. Okay. So say you're right. We send it back, and the district judge says, you know, I'm deciding that I disagree, and I'm sending it right back to the same magistrate judge. What's been accomplished? We argue there would be no relief for us in that situation. So it's kind of a wing and a prayer, hope maybe you get a different judge? Magistrate judge. In other words, if the district judge agrees with you, you're hoping you're going to get an assignment to a different magistrate judge? Oh, I see, Your Honor. If the district judge agrees with us on remand, assuming he's asked to review the motion in the first instance to withdraw consent, and he agrees with us and revokes consent, then the trial should be conducted in front of the district judge. We should receive a full new trial, and final judgment should be entered in front of the magistrate judge. Okay. So the magistrate's ruling is nullity. But can I go back to what I was pursuing before? So his motion to get more information about the delay was denied. And so he wanted to do what? He wanted to take that to the district judge? Yes, yes, to appeal it to the district judge. And that requires approval by the magistrate? Is that or what? That was denied? As a matter of right, he can appeal that pretrial matter to the district judge. What happened in this case is the magistrate judge adjudicated his motion for reconsideration by the district judge. And it appears that the magistrate judge may have confused the motions, because the standard of review that was used was a typical motion for reconsideration. It wasn't this special procedure to reconsider it by the district judge. Okay. But in any event, he wanted that reconsidered, and that was denied? Correct. By the magistrate judge. And then he tried to withdraw his consent? To the magistrate judge's jurisdiction, yes, Your Honor. Yeah. And the reason that he gave for that? It was a 19-page motion, and he gave several reasons. This was a significant reason, the fact that the magistrate judge had exceeded its jurisdiction to decide his motion. But also that there were, at this point, four or five magistrate judges assigned to the case. They didn't liberally construe his complaint. There was one thing. So he didn't like the magistrate judge's rulings? Well, to some extent. But there were other issues as well. These weren't simple run-of-the-mill disagreements, Your Honor. But in terms of his motion to withdraw consent, it's unclear if he is unable to withdraw his consent in this particular situation that pro se prisoner litigants in any situation would be able to withdraw their consent to the magistrate judge's jurisdiction. This is one of the most extreme examples of a motion to withdraw consent. Now, defendants haven't explained how Mr. Branch could receive district judge adjudication of his motion. Rule 73 clearly contemplates some procedure for parties to be able to submit an extraordinary circumstances motion for district judge adjudication. Defendants haven't explained how their theory of the statute and the rules would permit that in this case. Further, even if this Court finds that Rule 73 clarifies the statute pursuant to the Rules Enabling Act and Section 636D, the Federal rules would actually abrogate the statute in this situation. And in addition, defendants' reading of the statute raises potentially constant constitutional concerns, namely the impermissible delegation of Article III authority to other branches of government. And specifically, defendants' interpretation could lead to an as-applied challenge to the constitutionality of the Federal Magistrate Act. So to remedy this issue, I ask that the panel find that structural error occurred and remand for further proceedings in a new trial before the district judge. So you're going to use this as a vehicle to challenge the magistrate statute? No, Your Honor. We didn't raise that issue. Okay. You're just saying that that might be out there somewhere. It could be. If the panel believes that the Federal magistrate statute is unconstitutional as applied to it. Well, I tried that once, but it didn't work. But I want to get your position because you're doing a good job here. Thank you. These are difficult issues. But is it your or are you taking the position for your client that if a pro se litigant and there are lots of them in the Eastern District, if they are unhappy with the rulings that they can move to withdraw their motion and every time their consent and every time they do that, everything has to stop and it has to go to the district court to decide? Well, there's two parts to that, Your Honor. I am saying yes. Every time that motion is filed, it does have to go to the district judge. Part two, I'm not saying every pro se prisoner motion to withdraw consent has to be granted. I'm saying this one in particular is special because of the unique jurisdictional aspect. But you're bouncing things back. It's going to take time to get this to a district judge to decide, and then back assuming that they're going to be denied because it's all — there's no merit to a motion to withdraw consent just because you're unhappy with the ruling. Yes, Your Honor. It will take time. But it also takes time for the magistrate judge to decide it. It's not clear that it would take a district judge any longer to decide it than a magistrate judge. I'm not sure about that. On a different issue, if you're right that the court erred in dismissing the claim against, I don't know how to pronounce this fellow's name, Umfrenor, something like that? Umfrenor, that's how I understand it. Yes. The claim that that fellow engaged in retaliation, if that was wrongly dismissed, then regardless of how we come out on the — who should have decided the motion to withdraw the consent, there still will be further things that need to be tried, yes? Yes, Your Honor. There will still be further proceedings, but it's our position it doesn't necessarily moot the issue because this Court would err. Oh, no, no. I understand that. And I just want to make sure that I — that we don't lose track of the fact that there are other issues that are implicated, even if we disagree with you on the — on the consent issue. Yes. That is correct, Your Honor. But I do see my time is — Do you want to save the rest of it? I do, but I do want to make one brief point related to this. I'd be remiss not to discuss the improper dismissal issue because it is the most important issue for my client. If he prevails on that issue, he would be entitled to a new trial and additional discovery on the improperly dismissed claims and the previously adjudicated claims as well because they're interwoven. Okay. With that, I will reserve my remaining time. Sure. Okay. Thank you. May it please the Court, Kevin Voth for Defendant's Appellees. Your Honors, this Court should affirm the judgment for four reasons. First, the magistrate judge had jurisdiction to enter the judgment in this case. There's no dispute that there was mutual consent, an order of referral, and the only way that Mr. Branch could even implicate a defect in magistrate judge jurisdiction was to establish extraordinary circumstances, a standard that he plainly did not meet based solely on his disagreement with adverse rulings. And the magistrate judge properly denied that motion. Your Honor, can you clarify something for me? I thought that the magistrate judge had jurisdiction, if at all, in the period from 2007 to 2015 because the statute gave it to him, not because there was consent. Is that not correct? The magistrate judge had limited jurisdiction to rule on pretrial motions. Right. There's no consent required with that, right? No, that's correct. So we don't need to be talking about consent. The only time you get into consent is when you're talking about something that's not expressly allowed by this magistrate statute. So in this case, is it your position that what was done here occurred when there was no consent required? Or if that's not the case, during that period and there was no consent from the other side, how can there be any, basically, right on the magistrate judge's part to decide an issue when he has no jurisdiction? So for everything that happened up until the point at which there was mutual consent so Mr. Branch, he consented at the very beginning of that case. Right. But nobody else did. That's correct. And he engaged two parties. But eventually, the defendants did consent. Well, and they consented because the district judge said, you know, is this case going to be tried before me or before the magistrate? And you've got to, you know, fish or cut bait. And so that's when they consented. So it was all focused on who's going to try the case. That's right. And then the appellant moves to withdraw his consent to that, and the magistrate judge somehow thinks he has jurisdiction to decide that motion. Because at the time in which the maj — at the time when he had moved to withdraw his consent, magistrate judge jurisdiction had already been perfected. Mr. Branch had waived his right early on in that case to an Article III adjudication. Well, wait a minute. Where's the case law that says that when only one party has consented jurisdiction that you waive your right if the other side never consents? How can — it's almost like a contract, isn't it? I mean, you've got two parties. It requires consent. He gives his consent. The other side doesn't say anything. There's no contract. There's no agreement. I know it's not technically a contract, but the reality is there's no agreement. So you're just left with the statute. So unless the statute confers jurisdiction, how can you, in effect, stop the person who gave the consent unless and until such time as the other side also consents? Because, Your Honor, there's no absolute right to withdraw consent after it's already been given. Well, again, you're not listening to what I'm saying. I said if you give a consent and the other side doesn't respond, doesn't do anything, why are you bound? Why are you bound? The statute requires the consent of all the parties. It hasn't happened. You just have one person that says it. And what my concern is is I know that the statute allows the magistrate judge to do a lot of different things, but on some things you've got to have consent for both. Your position seems to be that when, in this case, the prisoner said, you know, I consent, and the government has said anything for a long, long time, that somehow during that period he cannot withdraw his consent. That is your position, right? That's correct. And what's your case authority that says that's the case? In the – I think the closest analogy is in the – in United States v. Neville,  And in these cases, the Court says that what the consent is, is it is a waiver of a right. And the Court treats waivers of all types of different rights, constitutional rights, waivers to jury trial, waiver to criminal procedural rights, the same way. At the very – at a very minimum, before there is magistrate judge – before there is – It's a waiver of a constitutional right to be tried by an Article III officer. That's correct. You're saying that's all they've got to do is just say, I consent. It doesn't matter what the other side says anything, and that's a permanent waiver, basically. That in order to withdraw that consent, he must, at a minimum, show good cause, which is the – But that's only if there's a jurisdiction on the part of the magistrate judge, right? No, Your Honor. I don't think that for purposes of the litigant requesting to withdraw consent that the magistrate judge doesn't have jurisdiction over that, even – even before consent is – before the – Well, that all goes to subsection 4, and so – which says, the Court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference to – of a civil matter to a magistrate judge under this subsection Why shouldn't we, given the way that's designed, assume that the court means the district court? Because, Your Honor, the – the way that 636c-4 is – is structured, it says the court, and it says the court may vacate in the context of already magistrate judge jurisdiction having been perfected. It's from 636c-1 where there's mutual consent and then an order of referral, and it says that magistrate judges have civil jurisdiction to conduct any and all further – any and all proceedings. But that's assuming that there has been mutual consent, and what – at least I've been talking about is, there isn't. At some point, there was mutual consent, but by that point, this gentleman had withdrawn his consent. I – I just – again, I look at this from a constitutional perspective. You've got a magistrate judge that is not an Article III officer. The statute says that certain ministerial-type things like motion and so on can be handled unless both parties consent. So here, the party – the prisoner says, I consent. Government says nothing. All during that period, from my perspective, the magistrate judge has jurisdiction to do what the statute says, but when you get to something that the statute requires mutual consent, unless there is mutual consent, he doesn't have jurisdiction. And I don't know why he can't – the prisoner can't withdraw his consent to his constitutional right as the government has not chosen to join. What am I missing? I think there are two responses to that, Your Honor. And first is that in – in your scenario, Mr. Branch's consent somehow no longer is valid simply by the passage of time. But no, Bobby, the failure of the other side to agree. After – but he affirmatively – he affirmatively consented. Well, let's say that the – switch this around. The government says, we consent, and he doesn't. What do you got then? If – Does that mean the government permanently agrees and it can somehow be bound, but the other – the other side doesn't have to agree? If they tried something before a magistrate judge and the prisoner hadn't agreed, you know that would be bad. Why isn't that true the other way around? I think it would be true in either circumstance. Once a party, a litigant, has affirmatively waived that right, then they are bound, unless they can establish a justification to withdraw that consent. But at what point in this case did the – did the other side consent? What was – what was – what had happened? So it was after Mr. Branch's motion for reconsideration regarding his motion to compel had been denied. Mr. Branch then took an interlocutory appeal. That was dismissed for lack of jurisdiction. And when the case came back, he at that point then moved to withdraw his consent. But my question was when did the – when did the other side give consent to the magistrate's jurisdiction? So after the – in October of 2015, the district court entered an order, a reminder, saying the parties to remind the defendants that magistrate judges are available. Within 20 days, the defendants then said, yes, we will consent to magistrate judge's jurisdiction. Is that after he had tried to withdraw his consent? No. No. He did not – he did not move to withdraw until after that. So – so there – that's why, Elisa, I come back to the wording of the statute. The – there had been consent by him, which he had not withdrawn at the time that the other side consented, and the district court then entered the order in November 2015 saying this case will be tried by the magistrate because both sides have consented. Then the appellate moves to, as a result of some further post-discovery rulings, appeals one of those rulings and then moves to withdraw his consent. And that the magistrate judge decides that – makes the determination that he cannot withdraw or he cannot withdraw his consent, which – so the fundamental question is, did the magistrate judge have jurisdiction to make that ruling at that stage, where both sides had previously consented, but where the statute does not on its – the statute on its face is, in your view, the word court embraces both the magistrate judge and the district court, even though later in the very same sentence, it singles out the magistrate judge. I have real problems with that – the logic of that. That seems like a purely semantical argument. It doesn't take account of the fact that it's the district judge who has the power to refer or not refer. And my question, I guess, has now been answered because I had the misimpression, apparently, that when he tried to withdraw, that the other side had not consented. So I now understand that there had been consent. So we're just talking about the meaning of the statute alone here. So I withdraw my question there because the facts are different than I understood them to be. All right. So, Your Honor, to answer your question, the magistrate judge, I think under the statute, because the statute makes – it refers both to district judges and magistrate judges. And what Mr. Branch is saying is if the court – saying the court equals district judge, then those previous references in the statute to district judge also would be superfluous. The statute wouldn't need to say district judge. It could simply say the court in every instance. So I'm sorry. Go ahead. That's your – what I perhaps unfairly call your semantic argument. But the logic of it seems to cut in the other direction. It is the district court that is vested with the power to refer or not refer. And, therefore, when this subsection speaks of the court having the power to withdraw or vacate a reference, why isn't that more or less self-evidently addressed to something that is uniquely in the power of the district court? I think, Your Honor, the – because there are different circumstances, and I think the pacemaker decision spoke to that, where the court said the reason that the statute is constitutional is because it permits the district court to resume jurisdiction over a specific case sua sponte if there's some good cause. And these are the considerations that were – are separate from when a party is asking for relief. So you are not equating – this is where I think it's very important – you are not equating the motion to withdraw consent as the same as a request that a – that the reference to the magistrate be withdrawn by the district court. Yes, Your Honor. I think there is a distinction there, that this is a – we're – this is a motion to withdraw consent. And the statute and the rule are both very clear that what a litigant must show is And I think this goes also to the point that the remedy that Mr. Branch is asking for, even if the statute makes it – the statute were to say that only a district judge or the rule – only a district judge could rule on such a motion, that the remedy is not overturning the judgment and granting a new trial. At most, the remedy would be to simply send that motion back for a district judge to actually rule on it in the first instance. And no case has suggested that a new trial would need to be done simply because a magistrate judge – But supposing we concluded that the judge had wrongly dismissed one or more claims. So now it comes, and then we remand on the issue you were just talking about. So now the district judge has to decide who will try this claim that was wrongly dismissed. And that might well figure into his determination of how to address the issue of whether there had been a wrongful consent or not, right? So there's no reason this is really responsive to a point your adversary made about some kind of bias by the district court. The district court has many things to consider if it's remanded to the district court, many factors to consider, and could well decide that it makes more sense to try the case before him. The court could suspend it. And wouldn't the fact that there are wholly new claims involved be an extraordinary circumstance? No, Your Honor. I don't think that would be an extraordinary circumstance. Why not? Because I think that the – and many courts have found this to be true, where simply an adverse ruling, even if the error is true, even if the court did make a mistake, that is not an extraordinary circumstance. In fact, it's probably one of the most ordinary circumstances. Litigants are dissatisfied with the ruling, even if, in fact, there was an error. That's not extraordinary. And that wouldn't justify granting a party's request for relief from the magistrate. You don't think that if an entire claim or set of claims was never tried because of an error, previous error, that's not an extraordinary circumstance? It's going to be a very different trial. It's going to have new claims. You don't think that's an extraordinary circumstance? I think that is a – that is a natural part of the litigation process. If there is an error that is reversible, then it has to go back. You're taking me over time. Let me ask my colleague if either has additional questions. Thank you very much for your argument. Thank you. So should pro bono folks have some rebuttal time here? Your Honors, on rebuttal, two brief points. First, defendants still have not explained how Mr. Branch could have sought district judge adjudication of his motion to withdraw consent. His motion did specifically specify that pursuant to Rule 73b, he was seeking district judge adjudication. And regardless, even if the statute is unclear, as defendants argue, Rule 73b is unequivocal, that that's limited to the district judge. So what about the argument that your adversary just made that in any event, he didn't make a showing of extraordinary circumstances under any conceivable view of the case, and therefore, in effect, the – if it were not for the jurisdictional aspect, it would be harmless error? Yeah. Under defendants' view of extraordinary circumstances, it's not clear when any other – when any litigant would be able to withdraw their consent. By using the language extraordinary circumstances, presumably Congress envisions some set of circumstances out there where litigants would be able to revoke their consent. And at least in the pro se prisoner context, we believe that Mr. Branch can't revoke his consent in this situation where there's an important jurisdictional issue dealing with his pretrial appeal to the district judge. It's unclear whenever they would be able to revoke consent. In any event, we wouldn't reach that issue if we decided to remand. That would be an issue for the district judge, right? If – yeah. If it was remanded for the district judge to consider that, that would be an issue for them, yes. And then just briefly, my second point. Defendants had not yet consented to the magistrate judge's jurisdiction when Mr. Branch appealed the pretrial ruling to the district judge. So with that, thank you. All right. Thank you both very much for your argument in this interesting case. The case just argued is submitted, and we will now hear argument in the final case for argument today, Gilmore v. Lockhart.
judges: Schroeder, M. Smith, Rakoff